POLANCO, DEMANDANTE Y APELANTE, *v.* GOFFINET ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao
en pleito sobre nulidad de procedimiento ejecutivo hipo-
tecario.

MOCIÓN de los demandados y apelados solicitando la
desestimación de la apelación.

No. 1800.—Resuelto en marzo 23, 1918.

TRANSCRIPCIÓN DE AUTOS — CERTIFICACIÓN AISLADA DE LOS DOCUMENTOS QUE LA
FORMAN.—Cuando los documentos de la transcripción de autos han sido certi-
ficados aisladamente y no por medio de una sola certificación que los com-
prenda a todos, semejante proceder no entraña un defecto que invalide o haga
ineficaz la transcripción, pues dichos documentos han quedado autenticados
que es el fin que persigue la ley al exigir la certificación del secretario.

APELACIÓN — CANCELACIÓN DE HIPOTECA — DISOLUCIÓN DE EMBARGO. — Una orden
dejando sin efecto la retención del producto de una venta judicial en procedi-
miento hipotecario y el embargo de bienes para asegurar la efectividad de la
sentencia, es apelable con arreglo al artículo 295 del Código de Enjuiciamiento
Civil.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Sarmiento, Rodríguez Se-
rra y Puig.*

Abogado de los apelados: *Sr. Lorenzo Jiménez García.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

En juicio seguido ante la Corte de Distrito de Humacao
por José Jacinto Nicolás Polanco contra August y Constant
Goffinet, sobre nulidad de procedimiento ejecutivo hipoteca-
rio, dicha corte por orden de octubre 10 de 1917, declaró con
lugar el aseguramiento de sentencia solicitado por el deman-
dante y ordenó al márshal de la corte retener el producto de
la venta judicial de la finca del demandante, que se verifi-
cara con motivo del procedimiento hipotecario, decretando
además el embargo de bienes de los demandados que pudie-
ran ser habidos en la isla, hasta la cantidad de $10,500
dollars.

A moción de los demandados la misma corte por orden de 23 de enero de 1918, dejó sin efecto la retención y embargo ordenados en octubre 10, 1917, a menos que el demandante preste una fianza de $3,000 para obtener la retención de la cantidad importe de la venta en procedimiento de ejecución hipotecaria, y de $2,000 para practicar el embargo de los bienes de los demandados. Contra esta orden interpuso Polanco recurso de apelación.

Los apelados solicitan ahora la desestimación del recurso, primero, porque los documentos que forman la transcripción de autos han sido certificados aisladamente y no por medio de una sola certificación del secretario que los expidió según exige el artículo 299 del Código de Enjuiciamiento Civil, tal como quedó enmendado por la ley No. 21 de marzo 9 de 1911; segundo, porque en la transcripción faltan ciertos documentos de que se acompañan copias certificadas; tercero, porque la orden recurrida no es apelable.

La ley No. 70 y no la 21 de 9 de enero de 1911, dispone que constituirá el récord de una apelación la certificación que librará el secretario del tribunal *a quo* o los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación, y según el artículo 233 del Código de Enjuiciamiento Civil, en todos los casos, fuera del de rebeldía, constituyen el legajo de la sentencia, las alegaciones, copia de la decisión de la corte o árbitro, todos los pliegos de excepciones formulados y presentados y copia de cualquier resolución recaída respecto de alguna excepción previa referente a un cambio o substitución de partes, y copia de la sentencia.

En el presente caso en que no hay pliego de excepciones ni resolución de ellas, constituyen el récord de apelación las alegaciones de las partes, la orden apelada y la notificación del escrito de apelación, elementos todos obrantes en la transcripción de autos archivada. En el caso de que los apelados estimen que han debido venir en el récord los documentos

de que acompañan copias certificadas podrán hacer uso del derecho que les reconoce la sección 55 del reglamento de esta corte.

Si bien los documentos de la transcripción de autos han sido certificados aisladamente y no por medio de una sola certificación que los comprenda a todos, semejante proceder no entraña un defecto que invalide o haga ineficaz la transcripción, pues dichos documentos han quedado autenticados que es el fin que persigue la ley al exigir la certificación del secretario.

Finalmente la orden recurrida es apelable con arreglo al artículo 295 del Código de Enjuiciamiento Civil y jurisprudencia de esta Corte Suprema. *Hermida & Palos* v. *Gestera*, 20, D. P. R. 452, y *Pizá & González* v. *Ramis*, 24 D. P. R. 868.

Por las razones expuestas procede declarar sin lugar la moción de la parte apelada para que se desestime el recurso.

> *Sin lugar la moción sobre desestimación de apelación.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.